Good morning, Your Honors. Amanda Touchton for Petitioner and Appellant Arthur Payton. I'd like to begin, if I could, with Mr. Payton's substantive due process claim. I believe it's critical to address this claim because the report and recommendation adopted by the district court judge applied the wrong standard and neglected to consider critical evidence. First and foremost, Mr. Payton was not required at that stage to prove his incompetence The district court stated that the record does not demonstrate Mr. Payton's incompetence. Mr. Payton is only required at this stage to raise a bona fide doubt as to his incompetence, a substantial doubt, a reasonable doubt. Mr. Payton has certainly done that. The evidence not considered by the district court included very critically the Fulton State Hospital records. These records evidence very similar to the Pate case that Mr. Payton has been Your records were not before the State trial court at sentencing, were they? No, Your Honor. I'm speaking to the substantive due process claim at which evidence not before the trial court can be considered if it raises a substantial reasonable doubt. Wait a minute. You're skipping a lot of steps here because that requires, in effect, the Federal district court to have the authority to hold an evidentiary hearing. Yes, Your Honor. Which it doesn't have unless their record has been developed with due diligence in the State system. Your Honor, I believe that Mr. Payton developed the record to the best of his ability as someone who is and was incompetent as he pled in his State court pleading. Well, it's not to show he was incompetent. You know, the State trial judge at his counsel's request appointed two experts, asked them to opine on competence. Now, I recognize that those reports aren't available, but his counsel represented that he had considered them and they influenced him in his advice with respect to pleading guilty. The clear inference is that the two experts did not find any question about competence. Nothing about his behavior in front of the State trial judge would have clued the State trial judge into a doubt about his competence. He was able to communicate, didn't behave peculiarly, all those things. So where does one get a substantive due process violation? Well, Your Honor, if you look to cases such as Deere or — Which was pre-AEDPA. Yes, Your Honor. The AEDPA standard, I think, it's important to consider, especially when you're looking at his failure to develop. For example, his failure to request an evidentiary hearing. He never reached the stage under which he would have requested an evidentiary hearing under California law. And although it wasn't mentioned in the briefs, I think this Court's case in Horton v. Mail addresses that issue very clearly. Here, because there was never an order-to-show-cause issue, there was never a traversed — there was never — the point was never reached at which Mr. Payton would have requested an evidentiary hearing. Moreover, Mr. Payton had pled in — Was he entitled to? I mean, I think the question that concerned me, Judge Rimer raised, is that if there hasn't — the district court can't hold an evidentiary hearing just because it seems like a good idea or he wants to. It doesn't have an obligation to have made an effort to develop the record in State court. And where was that? Well, Your Honor, the — Mr. Payton is someone who has 38 years of diagnosed schizophrenia, paranoid episodes, and has been at times fluidly psychotic. It can't be that the standard is so high that he's on — he, as a pro se Petitioner with no ability to hire experts, no ability to develop his claim in the way that it was developed in district court once he was appointed counsel, can be held to a standard of pleading such that he can never receive a hearing on his competence. And, you know, I've read his — his State papers. I mean, they're pretty — pretty darn good. Your Honor, if I may — And quite thorough. Your Honor, if I may, he states in those papers that the papers were prepared with the assistance of another inmate. Oh, I don't doubt that. But that — So what? So what? What does that mean? Well, Mr. Payton explains in his pleadings that he is incompetent presently and that he's preparing the papers with the assistance of another inmate. In fact, the papers and the letters that Mr. Payton has written to the courts over the years, I think, demonstrate that Mr. Payton is someone who is suffering from a severe and debilitating mental illness. Before the trial, and this was something that was before the trial court, he wrote letters to the courts saying, I stayed here in the city of Los Angeles without killing anyone until the night of January 31st, 1982, when the victim attempted to knock me out or snatch my luggage or whatever. Every time I hear another inmate talking a freaky homosexual talk, it makes me angry enough to kill them. I must receive mental health treatment or I will go insane. Reason, the constant sound of men voices day by day, have irritated my mind. These are letters he was writing to the trial court. In his motion to withdraw his plea, he noted that his counsel had prevented him from submitting drawings to the trial court of all of the violence he'd witnessed in the city of Los Angeles, in the city of Santa Monica, that supported his feeling that he was acting in self-defense. And the reason, because if you submit these things to the trial court, he may find you insane. If I could, I'd like to return to his substantive claim, because I think it stands in a slightly different posture, and that this Court can consider evidence that wasn't before the trial court if it now raises a question that he was competent at the time that he pled guilty. What Mr. Payton is asking for under what is a very low standard in the Earp case, as discussed in the Earp case, is an evidentiary hearing to show that there is a substantial doubt that he was competent at the time that he pled guilty. Now you're back to the same problem. It's not the question of the state trial court. It's never raised in the court-trial-state system. Obviously, all of us know that if the person is actually incompetent, it doesn't have to be raised in the trial court. It's a procedural versus substantive. We understand the difference between procedural and substantive due process argument. The question, again, takes you right back to where you started, just a full circle. Obviously, if he did raise it in the state trial – in the state courts, then you've got a different case, but he didn't. Your Honors, I recognize that Mr. Payton's pleadings in state court were perhaps not up to the par that one would expect, but I think that under Kim v. Villalobos, this Court can look to those pleadings and see whether or not he pled them to the best of his ability at the time that he pled them. And he clearly did. He said in those pleadings, I'm incompetent. He said in those pleadings I was incompetent at the time. To create a bar so high that someone who is schizophrenic cannot get a hearing on their competence at any stage in the proceedings seems unreasonable. I think we're repeating ourselves on both sides of this. Your Honor, if I can, I'll reserve. Surely. Mr. Cook. Good morning, Your Honors. Deputy Attorney General David Cook for Respondent at Pele. I submitted this morning the citation to the Earp v. Ornosky case only because it came to my attention within the past week, that case, an en banc decision discussing the standard under which an evidentiary hearing could be granted. I would just like to point out that Earp is clearly distinguishable from this case. In Earp, this Court, the en banc decision remanded for an evidentiary hearing because the district court resolved a credibility determination without conducting a hearing. In the present case, however, the district court did not have to resolve any credibility determination. In fact, in the final report and recommendation, in a footnote at the end, the district court did make observations regarding the report by Dr. Mungio regarding an examination from 2003 of Petitioner. Well, not only that, but in Earp he'd asked for an evidentiary hearing. He didn't get it in State court. I mean, there's a ton of difference. Absolutely, Your Honor. That is another very, very clear distinction. May I also comment on an argument raised by opposing counsel regarding the request for an evidentiary hearing? Because the court of appeal, the California court of appeal and California Supreme Court petitions were denied with citations to Swain, those citations show a failure to plead the claims with sufficient particularity. And so to the extent that an evidentiary hearing or to the extent opposing counsel claims that the State court should have granted an evidentiary hearing at later stages, it was Petitioner's own burden to at least make sufficient allegations to state the claims. His failure to do so is the – shows his lack of diligence in pursuing his claims in State court. What if his failure came not from a lack of diligence, but from incompetence on his part? There are some cases where a Petitioner or a defendant's mental problems have been cited as an extraordinary circumstance beyond his control to try to take it out of the diligence requirement. That's basically the argument I hear being made by Petitioner today. Well, certainly, Your Honor, we could create a situation where a Petitioner is so incompetent that he or she couldn't form the necessary allegations to state a claim. I would refer this Court, however, to Appellant's excerpts of record at page 67. This is the report of Dr. Mungio in which Dr. Mungio refers to an evaluation of Petitioner conducted in 1995 before the Federal proceedings, showing that the – that Petitioner was no longer suffering from psychiatric or psychological disturbance. And so I don't believe this is a situation where the Petitioner was so incompetent or there's nothing been suggested in the record that Petitioner was so incompetent that he was unable to make sufficient allegations. And, in fact, if he was being assisted by other people and in the citations to Swain, puts Petitioner and whoever was working with him on notice of the need for additional allegations. And, in fact, even as we point out in our appellee's brief, Petitioner is not barred from returning to state court and pleading his claims with sufficient particularity as long as he can survive other procedural bars, such as timeliness or whatever. But this is not a situation. Roberts. Are you suggesting it's not exhausted? Pardon me, Your Honor? Are you suggesting it's not exhausted? Yes. We make the argument that his claims are not exhausted, but that did not preclude the district court from denying the claims on the merits, and Respondent does not waive exhaustion. However, this is, but my point for referring to the Swain denial and Petitioner's ability to go back to state court is that the state, this is a case where the state court has not prevented an evidentiary hearing. There has been no request. There have been no sufficient allegations made in state court in regard to the claims. And there is nothing preventing Petitioner from going back and seeking that relief provided he can justify his delay or any other procedural considerations. As for the earlier point, the law is clear in determining whether a trial court has erred regarding competence. You look to the record and the material before the trial court at the time. And when Petitioner sought to withdraw his plea, those letters that he wrote to the court regarding his request for placement in a mental health facility, his request for being housed in a facility with men and women, those records, along with Petitioner's behavior, along with the probation report, which also makes some mention of this, all of those things were before the trial court, before the sentence was imposed, and before the trial court ruled on the motion to withdraw the plea. Consul, when you say he can go back to state court and exhaust, try to exhaust his claims there, you're not suggesting he can do that if we rule on the merits, are you, or are you? And if he does, does he do it on state grounds, or does our decision have some effect? Well, certainly, as the district court pointed out, the federal court was not ruling upon the state law claims. That's what I said. So you're saying he can go back and raise his state law claims. At least, yes. But his federal law claims would be finished. Your Honor, I guess I never considered that point. However, I don't, I guess I don't know the answer. My first instinct would be to say that state and federal courts have concurrent jurisdiction over federal constitutional claims. However, I certainly would, if I were representing the people in that case or consulting with the district attorney's office, I certainly would be, you know, defending the district court's opinion and arguing for some kind of stare decisis effect or law of the case kind of effect. But I don't have any authority to cite today on that point. Really? Your Honors, unless there are any further questions, I would be happy to submit. Okay. I thank you, Your Honor. Thank you, Your Honor. Thank you. Ms. Christian. Your Honors, if I may, I appreciate the position of the Court that Mr. Payton's pleadings were perhaps insubstantial, and I would argue that he was at the time incompetent in pleading. And I would ask this Court for a remand to allow us to have an evidentiary hearing on that issue or to more fully brief that issue. The district court never really considered that and never really addressed Mr. Payton's request for an evidentiary hearing, in fact, did not address it in the report and recommendation. And so to apply, I think, a EDPA E2 bar in this case without allowing Mr. Payton the opportunity for briefing or a hearing on that issue before the district court, especially since it involves whether or not he was competent at the time, I think given Dr. Munguio's report finding him in 2003 to still remain a paranoid schizophrenic and is substantial evidence, especially given with the fact that in 1967 he was first committed, exhibiting these same symptoms, and that there's evidence in the record going back to his childhood of these same considerable mental health concerns. I would address just for a moment the report of Dr. Munguio where she discusses the California Department of Corrections reports. I think that that's an example that there is a disputed fact here, whether or not he was competent to plead his case properly before the State court or whether he was capable of more fully developing the facts in the State court or whether what he pled is really at the limits of his competence. And in that case, I think, under the very low bar for an evidentiary hearing set in ERP, that there is a colorable claim here. And before the Court dismisses the claim on the merits, it ought to give Mr. — would request that the Court give Mr. Payton the opportunity to brief and argue and have a hearing on whether or not he was competent or able to more fully plead his claims. Okay. Thank you very much. Counsel, both of you. The matter just argued will be submitted and will next hear argument in Acosta. Thank you.
judges: Fernandez, Rymer, Clifton